back, is a sufficient allegation of intentional conduct.

 The case is remanded to the district court for further proceedings. On remand, the district court may consider dismissal of the proceeding under 28 U.S.C. § 1915(d) if it is satisfied that the action is frivolous or malicious. See Allison v. California Adult Auth., *supra,* 419 F.2d at 823–824.

Andrew T. Martinez, Benjamin W. Yancey, L. V. Cooley, IV, New Orleans, La., for defendant-appellee; Terriberry, Carroll, Yancey & Farrell, New Orleans, La., of counsel.

Before JOHN R. BROWN, Chief Judge, and WISDOM and MORGAN, Circuit Judges.

PER CURIAM:

Affirmed.   See Local Rule 21.[1]

August J. HUBBARD, Plaintiff-Appellant,

v.

LYKES BROS. STEAMSHIP COMPANY, Inc., Defendant-Appellee.

No. 29656.

United States Court of Appeals, Fifth Circuit.

Dec. 1, 1970.

Maurice R. DYER, Petitioner-Appellant,

v.

Bert M. ROSENBERG, Defendant-Appellee.

No. 25259.

United States Court of Appeals, Ninth Circuit.

Nov. 25, 1970.

Max Zelden, New Orleans, La., for plaintiff-appellant; Zelden & Zelden, New Orleans, La., of counsel.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5th Cir., 1970, 430 F.2d 966.